UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MICHAEL BROGAN,

              Defendant.

MEMORANDUM & ORDER
19-CR-207 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Micheal Brogan's Motion for Early Termination of Supervised Release. (*See* Def.'s Mot. for Early Termination of Supervised Release ("Mot.") (Dkt. 29); Gov't Opp. to Mot. for Early Termination ("Opp.") (Dkt. 30).) For the reasons stated below, Defendant's motion is DENIED.

## I. BACKGROUND

Brogan pleaded guilty on May 24, 2019 to a one-count information that charged him with Threatening to Assault and Murder a United States Official, in violation of 18 U.S.C. § 115(a)(1)(B). (*See* May 24, 2019 Minute Entry (Dkt. 17); Information (Dkt. 14).)

The charge against Brogan arose from a voicemail message that he left with the office of a sitting United States Senator ("the Senator") on December 4, 2018, in which he objected to the Senator's "constant lambasting" of then-President Donald Trump and to the Senator's support for reproductive rights. (*See* Gov't Stc'g Mem. (Dkt. 21) at 1-2.) In the voicemail message, Brogan addressed the Senator directly and told the Senator to "watch your ass [be]cause . . . I'm going to put a bullet in ya. When I'm in D.C. and you're there, I got your fucking mark." (*Id.*) He also stated: "If I saw you, I'd snuff your stupid fucking ass. I'd put a fucking bullet in you. You watch your ass. If I see you on the streets, I'm gonna fucking light you up with fucking bullets." (*Id.*)

On September 27, 2019, this court sentenced Brogan to three years of probation, with conditions that included six months of home confinement,

1

participation in a mental health treatment program, and restrictions on travel and firearm possession. (*See* Judgment (Dkt. 27) at 2, 4.)

On May 3, 2021, Brogan filed a motion seeking early termination of his term of supervised release. (Mot. at 1-2.) The Government and the Probation Department oppose early termination. (Opp. at 1.)

## II. LEGAL STANDARD

"The court, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, may . . . terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).

## III. DISCUSSION

Brogan has served more than nineteen months of his three-year term of probation. (*See* Mot. at 1.) Accordingly, he is statutorily eligible for early termination, should the court find that such action is warranted. *See* 18 U.S.C. § 3564(c). Brogan argues that early termination of his sentence is warranted because of the amount of time under pretrial and probation supervision that he has already completed, and because of his compliance with the terms of his release. (Mot. at 1-2.)

Although the court is pleased to learn that Brogan has complied with the conditions of supervised release, the court remains convinced that the seriousness of Brogan's offense, as well as the need for both specific and general deterrence, warrants a three-year term of supervision. Brogan's conduct was more than disrespectful: it was violent, hateful, antisocial, and menacing. Although two-and-a-half years have elapsed since Brogan left the threatening voicemail message, the Government reports that the Senator continues to think about Brogan's threat and the potential danger that Brogan posed both to the Senator personally and to the Senator's staff members. (Opp. at 3.)

The unfortunate fact that Brogan's conduct is far from anomalous underscores the need for his sentence to serve as a general and specific deterrent, by demonstrating that the court views threats against government officials as dangerous conduct that warrants non-trivial sentences. Threats like the ones made by Brogan look even more menacing in light of the January 6, 2021 insurrection against the United States. Brogan and other individuals who invoke or resort to violence to express their opposition to public officials' actions must understand that they will be held accountable for their behavior.

Against this backdrop, the court is unmoved by the mere fact that Brogan has completed a substantial portion of his sentence. When he completes the rest of it, he will have served the minimum sentence that the court believed, and continues to believe, is warranted by his conduct.

SO ORDERED.

Dated: Brooklyn, New York
June 7, 2021

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge